AMALGAMATED CLOTHING AND TEXTILE WORKERS UNION, AFL–CIO, CLC, Plaintiff,

v.

STANDARD–COOSA–THATCHER CARPET YARN DIVISION, INC., Defendant,

National Labor Relations Board, Defendant-Intervenor.

Civ. A. No. 79–G–0446–M.

United States District Court, N. D. Alabama, M. D.

June 16, 1981.

John C. Falkenberry, Stewart, Falkenberry & Whatley, Birmingham, Ala., Arthur M.

Goldberg, Gen. Counsel, Barbara Carey, Asst. Gen. Counsel, Amalgamated Clothing and Textile Workers Union, AFL–CIO, CLC, New York City, for plaintiff.

Homer L. Deakins, Jr., Gregory B. Tobin—PRO HAC VICE, Ogletree, Deakins, Smoak, Stewart & Edwards, Atlanta, Ga., Louis B. Lusk, Lusk & Lusk, Guntersville, Ala., for defendant.

Gilbert Cohen, Regional Atty., Region 10 N.L.R.B., Atlanta, Ga., Ruah Donnelly Lahey, Aileen A. Armstrong, Asst. Gen. Counsel for Sp. Litigation, Washington, D. C., for defendant-intervenor.

## FINAL ORDER GRANTING SUMMARY JUDGMENT

GUIN, District Judge.

This cause came before the court upon cross-motions of the plaintiff, Amalgamated Clothing and Textile Workers Union, AFL–CIO, CLC, and the defendant-intervenor, the National Labor Relations Board, for summary judgment, and upon reconsideration of a motion to dismiss by the defendant Standard-Coosa-Thatcher Carpet Yarn Division, Inc. Having considered the pleadings, submissions of counsel, and applicable law, the court is of the opinion that judgment is due the defendants as a matter of law, that there is no genuine issue of material fact, that there is no just reason for delay in issuing a final judgment, and that, therefore defendants' motion should be granted and plaintiff's denied, in conformity with the Memorandum Opinion entered contemporaneously herewith.

Accordingly, it is ORDERED, ADJUDGED and DECREED that defendant-intervenor's motion for summary judgment be and the same hereby is GRANTED; and it is

FURTHER ORDERED that defendant Standard-Coosa-Thatcher's motion to dismiss, upon reconsideration be GRANTED; and it is

FURTHER ORDERED that plaintiff's motion for summary judgment be and the same hereby is DENIED; and it is

FURTHER ORDERED that final judgment be and the same hereby is GRANTED in favor of the defendant and defendant-intervenor and against the plaintiff, and that the plaintiff shall have and recover nothing of the defendant in this case.

Costs are taxed against the plaintiff.

## MEMORANDUM OPINION

GUIN, District Judge.

This cause is before the court upon motions by the plaintiff and the defendant-intervenor, the National Labor Relations Board, for summary judgment and upon reconsideration of the defendant Standard-Coosa-Thatcher's motion to dismiss. The National Labor Relations Board was granted leave to intervene by order of this court dated January 18, 1980.

The facts in this case are undisputed. Plaintiff-union and defendant-employer entered into an informal settlement agreement under 29 Code of Federal Regulations § 101.7 on February 5, 1979. The terms of the settlement agreement provided that the employer pay back wages to one employee for alleged discrimination and post a standard National Labor Relations Board notice stating that the employer would repay the back wages and refrain from future activities in violation of the National Labor Relations Act.

The informal settlement agreement provides in pertinent part:

Refusal to Issue Complaint—In the event the Charging Party fails or refuses to become a party to this Agreement, and if in the Regional Director's discretion it will effectuate the policies of the National Labor Relations Act, Regional Director shall decline to issue a Complaint herein (or a new Complaint if one has been withdrawn pursuant to the terms of this Agreement), and *this Agreement shall be between the Charged Party and the undersigned Regional Director.* A review of such action may be obtained pursuant to Section 102.19 of the Rules and Regulations of the Board if a request for same is filed within 10 days thereof. This

Agreement is contingent upon the General Counsel sustaining the Regional Director's action in the event of a review. Approval of this Agreement by the Regional Director shall constitute withdrawal of any Complaint(s) and Notice of Hearing heretofore issued in this case. [Emphasis added]

Furthermore, the settlement agreement provides:

Notification of Compliance—... Contingent upon Compliance with the terms and provisions hereof, no further action shall be taken in this case.

Subsequent to the execution of the settlement agreement by both the union and the employer, the agreement was approved on March 1, 1979, by the NLRB Regional Director; this approval is required by 29 C.F.R. § 101.7 and the terms of the agreement itself. On March 26, 1979, the employer notified the Regional Director of the NLRB that it would not honor the settlement agreement, and the Regional Director thereupon withdrew his approval of the agreement on March 27, 1979.

Plaintiff now petitions this court for relief, claiming that the informal settlement agreement, once executed by the parties and approved by the Commissioner, constituted a complete and binding contract. Plaintiff requests the court to grant specific performance of the contract.

Defendant Standard-Coosa-Thatcher and Defendant-intervenor, the National Labor Relations Board, claim that this court has no jurisdiction to hear the complaint, asserting that jurisdiction is preempted by the unfair labor practice proceedings before the National Labor Relations Board. Defendants also claim that the contract was rendered null and void by the action of the Regional Director in rescinding his approval thereof.

Jurisdiction is asserted under Section 301(a) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a) which provides:

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Plaintiff asserts that under the authority of *Retail Clerks International Association v. Lion Dry Goods, Inc.*, 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962) and *Deaton Truck Line, Inc. v. Local Union 612, etc.*, 314 F.2d 418 (5th Cir. 1962), the settlement agreement was a "contract" within the meaning of Section 301(a), assuming that the settlement agreement is a valid contract.

The plaintiff further claims that jurisdiction of this dispute is not preempted by the doctrine espoused in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), which stated that if an unfair labor practice is "arguably involved", the courts must defer to the administrative expertise of the National Labor Relations Board. In support of his position, the plaintiff cites *Smith v. Evening News Association*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), which carved out an exception to the *Garmon* preemption doctrine for suits brought under Section 301 in which an unfair labor practice is also involved. However, the pertinent language in *Smith v. Evening News Association, infra*, provides:

In *Lucas Flour [Local 174, Teamsters, etc. v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593] as well as in *Atkinson [v. Sinclair Refining Co.*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462] the Court refused to apply the preemption doctrine of the *Garmon* case; and we likewise reject that doctrine here where the alleged conduct of the employer, not only arguably, but concededly, is an unfair labor practice within the jurisdiction of the National Labor Relations Board. The authority of the Board to deal with an unfair labor practice *which also violates a collective bargaining contract* is not displaced by Section 301, but it is not

exclusive and does not destroy the jurisdiction of the courts in suits under Section 301.

371 U.S. at 197, 83 S.Ct. at 268–269. [Emphasis added].

The position that the exception to the *Garmon* preemption principle for Section 301 which the Court carved out in *Smith* relates only to collective bargaining agreements is restated in *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971), which provided:

> We have exempted Section 301 suits from the *Garmon* principle because of the evident Congressional determination that courts should be free to interpret and enforce *collective bargaining agreements* even where that process may involve condemning or permitting conduct arguably subject to the protection or prohibition of the National Labor Relations Act.

403 U.S. at 300, 91 S.Ct. at 1925. [Emphasis added].

The Court in *Motor Coach* rejected the Section 301 suit before it which was based on the implied-in-law contract between a union and an employee. "That is why" concluded the Court, "the principle of *Smith v. Evening News* is applicable only to those disputes that are governed by the terms of the collective bargaining agreement itself." 403 U.S. 274, 301, 91 S.Ct. 1909, 1925, 29 L.Ed.2d 473, 491 (1971).

The plaintiff's arguments, however, without reaching the clarification of *Smith v. Evening News*, that is outlined in *Motor Coach v. Lockridge, infra*, do not appear to be applicable in light of the language and nature of the informal settlement agreement involved in this cause. The settlement agreement in this case is a ·form agreement that provides, consistent with the policies of the National Labor Relations Board, that the agreement is between the charged party, the employer-company, and the Board. *See* the terms of the agreement as outlined, *infra*. The Fifth Circuit has clearly stated that the National Labor Relations Board may set aside a settlement agreement and reinstitute unfair labor practice charges when the terms of the agreement have been breached. *National*

*Labor Relations Board v. Southeastern Stages, Inc.*, 423 F.2d 878 (5th Cir. 1970). *See also Gulf States Manufacturers, Inc. v. NLRB*, 598 F.2d 896 (5th Cir. 1979). It is undisputed that the charged party (the employer-company) has breached the terms of the agreement in this cause as the employer notified the Regional Director of the National Labor Relations Board on March 26, 1979 that it would not honor the agreement. Thus, it appears that the union cannot even claim that it is a third party beneficiary to the contract because the contract has been validly set aside and is no longer in existence.

Thus, it appears that under the preemption doctrine outlined in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), this court must defer to the administrative expertise of the National Labor Relations Board and, therefore, does not have jurisdiction over this dispute.

Judgment is entered in favor of all defendants upon reconsideration of the motion to dismiss filed by Standard-Coosa-Thatcher and under the authority of *Black Warrior Electric Membership Corporation v. Mississippi Power Co.*, 413 F.2d 1221 (5th Cir. 1969).

An order consistent with this memorandum opinion will be entered contemporaneously herewith.